T.C. Summary Opinion 2016-59

UNITED STATES TAX COURT

NATHAN PILMER AND BRITTANY DOW PILMER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 498-15S.                          Filed September 21, 2016.

Nathan Pilmer and Brittany Dow Pilmer, pro sese.

Miles D. Friedman and Sherri G. Morris, for respondent.

SUMMARY OPINION

VASQUEZ, Judge:  This case was heard pursuant to the provisions of
section 7463 of the Internal Revenue Code in effect when the petition was filed.
Pursuant to section 7463(b), the decision to be entered is not reviewable by any
other court, and this opinion shall not be treated as precedent for any other case.
Unless otherwise indicated, all section references are to the Internal Revenue Code

in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $2,500 in petitioners' Federal income tax for 2012. The sole issue for decision is whether petitioners are entitled to the American Opportunity Tax Credit (AOTC) under section 25A.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in California at the time they timely filed their petition.

Throughout 2012 Brittany Dow Pilmer was a student at Saddleback College (Saddleback) in Mission Viejo, California. Saddleback is a community college offering two-year associate's degrees, as well as courses for credit that are transferable to four-year institutions. During the spring 2012 semester Ms. Pilmer enrolled in a physiology course offering five hours of academic credit. Ms. Pilmer also attended a three-academic-credit contemporary health course on an "informal" basis.[1] However, she was never officially enrolled in the course, which she stopped attending after approximately eight weeks.

---

[1] Ms. Pilmer testified at trial that she and the professor of the contemporary health class had an oral agreement that she could "sit in and if there was room * * * add * * * [the course] later on."

Petitioners filed their Form 1040, U.S. Individual Income Tax Return, for 2012 and included a Form 8863, Education Credits (American Opportunity and Lifetime Learning Credits). On the Form 8863 petitioners claimed an AOTC of $2,500 related to Ms. Pilmer's education expenses.

Respondent issued petitioners a notice of deficiency for 2012 disallowing the AOTC in its entirety. Petitioners timely filed a petition with this Court in response to the notice of deficiency.

For the reasons set forth below, we sustain respondent's determination.

## Discussion

As a general rule, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction or credit. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976). The burden of proof shifts to the Commissioner, however, if the taxpayer produces credible evidence to support the deduction or position, the taxpayer complied with the substantiation requirements, and the

taxpayer cooperated with the Secretary[2] with regard to all reasonable requests for information. Sec. 7491(a); see also Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001). This case is decided on the preponderance of the evidence and is not affected by the burden of proof or section 7491(a). See Rule 142(a).

The AOTC is a modified version of the Hope Scholarship Credit. Sec. 25A(i). It provides for a credit for qualified tuition and related expenses paid by a taxpayer for education furnished to an eligible student. The credit is equal to "(A) 100 percent of so much of the qualified tuition and related expenses paid by the taxpayer during the taxable year * * * as does not exceed $2,000, plus (B) 25 percent of such expenses so paid as exceeds $2,000 but does not exceed $4,000." Sec. 25A(i)(1).

For purposes of the AOTC an "eligible student" is a student who meets the following criteria: (1) the student is enrolled or accepted for enrollment in a degree, certificate, or other program leading to a recognized educational credential at an institution of higher education that is an eligible institution and (2) the

---

[2] The term "Secretary" means "the Secretary of the Treasury or his delegate", sec. 7701(a)(11)(B), and the term "or his delegate" means "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context", sec. 7701(a)(12)(A)(i).

student is carrying at least half the normal full-time workload for the course of study the student is pursuing. Sec. 25A(b)(3); see also 20 U.S.C. 1091(a)(1) (2012).

Respondent concedes that Saddleback is an eligible institution and that Ms. Pilmer was enrolled in a program leading to a recognized education credential. Therefore, the first criteria is satisfied and the only remaining issue is whether Ms. Pilmer was carrying at least a half-time workload.

Petitioners argue that Ms. Pilmer's official enrollment in the five-credit-hour physiology course combined with her informal attendance of the three-credit-hour contemporary health course constituted carrying at least a half-time workload. We disagree.

Section 1.25A-3(d)(1)(ii), Income Tax Regs., provides that a student carries a half-time workload if "[f]or at least one academic period that begins during the taxable year, the student enrolls for at least one-half of the normal full-time work load for the course of study the student is pursuing. The standard for what is half of the normal full-time work load is determined by each eligible education institution." (Emphasis added.) The parties agree that in 2012 Saddleback defined a full-time workload as 12 academic credits and a half-time workload as 6 academic credits. At no time in 2012 was Ms. Pilmer formally enrolled for at least

6 academic credits.[3]  During the spring semester Ms. Pilmer was formally enrolled in only the five-credit physiology course.  She never formally enrolled in or received academic credit for the contemporary health course.  Accordingly, she did not carry at least a half-time workload and is not entitled to the AOTC.  Thus, we must sustain respondent's determination.

In reaching our holding herein, we have considered all arguments made, and to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.

---

[3]  During the fall 2012 semester Ms. Pilmer was enrolled in a four-academic-credit course.  She concedes she was not at least a half-time student during that semester.